IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| HALLMARK CARDS, INCORPORATED and HALLMARK LICENSING, INC., <br><br> Plaintiffs, <br><br> VS. <br><br> DOLLAR GENERAL CORPORATION and DOLGENCORP, INC., <br><br> Defendants. | CASE NO. 04-CV-0957 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs Hallmark Cards, Incorporated and Hallmark Licensing, Inc. complain as follows against Defendants Dollar General Corporation and Dolgencorp, Inc.:

## NATURE OF THE ACTION

1. This is an action for injunctive and monetary relief for acts of copyright infringement under the laws of the United States, Title 17, of the United States Code.

## PARTIES AND JURISDICTION

2. Plaintiff Hallmark Cards, Incorporated is a Missouri corporation with its principal place of business at 2501 McGee, Kansas City, Missouri 64141. Plaintiff Hallmark Licensing, Inc. is a wholly owned subsidiary of Hallmark Cards, Incorporated, having a principal place of business at 2440 Pershing Road, Kansas City, Missouri 64108. Plaintiffs Hallmark Cards, Incorporated and Hallmark Licensing, Inc. are collectively referred to as "Hallmark."

3. On information and belief, Defendant Dollar General Corporation is a Tennessee corporation with its principal place of business at 100 Mission Ridge, Goodlettsville, Tennessee

1520431v5

37072. On information and belief, Defendant Dolgencorp, Inc. is a Kentucky corporation and a subsidiary of Dollar General Corporation with its principal place of business at 100 Mission Ridge, Goodlettsville, Tennessee 37072. Defendants Dollar General Corporation and Dolgencorp, Inc. are collectively referred to as "Dollar General".

4. This action arises under Title 17 of the United States Code relating to copyrights. This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331, 1338. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

## BACKGROUND

**A.     Hallmark Cards**

5. Hallmark is the leading publisher of personal expression products such as greeting cards, gift wrap and party goods in the United States. Hallmark has been in business since 1910, and is headquartered in Kansas City, Missouri.

6. The cornerstone of Hallmark's business is its intellectual property, including its valuable copyrights in the works of authorship created by Hallmark employees. Hallmark invests many millions of dollars annually in creating original designs, artwork and other works of authorship embodied in its various product lines.

7. Hallmark employs over 700 artists and other creative personnel in Kansas City. These artists and creative personnel are highly trained and talented professionals whose only job is to create artwork, works of expression, and other creative works of authorship that appeal to the customers of Hallmark products and support the Hallmark brands.

8. The Hallmark brand is one of the strongest and most recognizable brands in America. At the core of the Hallmark brand are the values of quality and creativity.

9.  Hallmark conducts significant market research on market trends and to determine which designs have appealability. As a result of this investment, Hallmark is able to develop products that appeal particularly to its target audience, thereby increasing sales.

10. The distribution of Hallmark products is carefully coordinated and controlled to protect the creative investments and brand associated with the products.

**B.  Hallmark's Gift Bag Business**

11. Although known primarily for greeting cards, Hallmark has established a strong and growing business in gift bags. Gift bags are paper, plastic or fabric bags decorated with ornamental and artistic designs.

12. As opposed to gift wrap, which is generally discarded after it is used, gift bags are designed to be reusable. It is not uncommon for a recipient of a gift contained within a gift bag to then use that gift bag to provide a gift to yet another person. As a result, gift bags remain in circulation for a considerable amount of time. Many people who did not originally purchase the gift bag tend to use the gift bag.

13. Hallmark is renowned for its highly creative and original works of authorship placed on or used in connection with its gift bags which are works of art in their own right. The creativity and originality of Hallmark's gift bags are key to their success in the marketplace.

14. Hallmark maintains its copyright in and to its gift bag designs. Further, Hallmark places its name and its copyright notice on each and every gift bag product.

**C.  Hallmark's Copyrighted Gift Bags**

15. Hallmark has obtained United States copyright registrations on gift bag designs, including the following bags (collectively Hallmark's "Copyrighted Gift Bags"):

16. "Medium Bag/Peek-a-Boo Balloons." The artwork on this gift bag was created by Hallmark employee Gary Head in 2000. A true and correct copy of the registration of the copyright in the artwork associated with this bag along with a true and correct photograph of the gift bag is attached at Exhibit A.

17. "Bag Beach Stripe Medium." The artwork on this gift bag was created by Gary Head in 2000. A true and correct copy of the registration of the copyright in the artwork associated with this bag along with a true and correct photograph of the gift bag is attached at Exhibit B.

18. "Multicolor Flowers." The artwork on this gift bag was created by Hallmark Cards employee Melissa Powlas in 2000. A true and correct copy of the registration of the copyright in the artwork associated with this bag along with a true and correct photograph of the gift bag is attached at Exhibit C.

19. "Blue Swirl with Green Border." The artwork on this gift bag was created by Hallmark Cards employee Gretchen Finch in 2000. A true and correct copy of the registration of the copyright in the artwork associated with this bag along with a true and correct photograph of the gift bag is attached at Exhibit D.

20. "Mini Bright Flowers." The artwork on this gift bag was created by Melissa Powlas in 2000. A true and correct copy of the registration of the copyright in the artwork associated with this bag along with a true and correct photograph of the gift bag is attached at Exhibit E.

21. "Bag Birthday Cake Large." The artwork on this gift bag was created by Gary Head in 2000. A true and correct copy of the registration of the copyright in the artwork

associated with this bag along with a true and correct photograph of the gift bag is attached at Exhibit F.

22. "Cosmic Flower/Peek-a-Boo." The artwork on this gift bag was jointly created by Melissa Powlas and Hallmark Cards employee Morgan Shaw in 2000. A true and correct copy of the registration of the copyright in the artwork associated with this bag along with a true and correct photograph of the gift bag is attached at Exhibit G.

23. "Bag Flower Vase Large." The artwork on this gift bag was created by Gary Head in 2000. A true and correct copy of the registration of the copyright in the artwork associated with this bag along with a true and correct photograph of the gift bag is attached at Exhibit H.

24. "Bag Wish Big Medium Celebrate" (also known as "Circle Dots"). The artwork on this gift bag was created by Gary Head in 2000. A true and correct copy of the registration of the copyright in the artwork associated with this bag along with a true and correct photograph of the gift bag is attached at Exhibit I.

25. Ownership of all copyrights and other interests in and to works of authorship created by Hallmark Cards employees vests in Hallmark Cards, Incorporated. Hallmark Cards, Incorporated periodically transfers ownership of all of its copyrights to Hallmark Licensing, Inc.

26. Hallmark's Copyrighted Gift Bags have been widely sold, disseminated and distributed throughout the United States in a number of retail channels, including social expression stores and large-scale retailers. Since 2001 over 1.7 million units of the above-identified Copyrighted Gift Bags have been sold.

### D. Dollar General

27. Dollar General is one of the world's largest retail chains. Dollar General operates over 7,000 low cost dollar stores in approximately 30 states, including in the Midwest. Dollar General operates nearly 300 stores within the State of Missouri. On information and belief, Dollar General sells nearly one third of its products for one dollar or less.

### E. Dollar General's "Knock-Off" Gift Bags

28. Dollar General has distributed and sold gift bags bearing at least nine (9) designs that are strikingly similar and virtually identical to Hallmark's Copyrighted Gift Bags.

29. On information and belief, Dollar General or those acting at the direction of Dollar General or in concert with it have reproduced, manufactured, imported, distributed, offered to sell and/or sold a line of gift bags bearing at least nine (9) designs that are strikingly similar and virtually identical to Hallmark's Copyrighted Gift Bags.

30. On or about October 9, 2004 and October 11, 2004, Hallmark's outside counsel purchased representative samples of Dollar General gift bags at Dollar General retail stores within this judicial district. True and correct copies of the knock-off Dollar General bags are depicted next to Hallmark's gift bags at Exhibits AA – II, which correspond to Hallmark's Copyrighted Gift Bags at Exhibits A – I, respectively  The receipts for the purchase of these knock-off gift bags are also attached at Exhibit J.

31. Dollar General, including its employees, agents, representatives and those acting with it or on its behalf, had access to Hallmark's Copyrighted Gift Bags.

32. The Dollar General knock-off gift bags were copied from the Hallmark Copyrighted Gift Bags. Such copying was without authorization from Hallmark. On

1520431v5

6

Case 4:04-cv-00957-SOW   Document 1   Filed 10/20/04   Page 6 of 19

information and belief, such copying was done willfully in conscious disregard for Hallmark's copyrights.

33. The knock-off gift bags sold by Dollar General are substantially similar, extrinsically and intrinsically, to the Hallmark Copyrighted Gift Bags.

34. On information and belief, Dollar General's infringement of Hallmark's copyrights has been and continues to be carried out with Dollar General's full knowledge that Hallmark's gift bags are protected by copyright and that in doing the acts complained of, Dollar General has willfully and intentionally infringed Hallmark's copyright in and to its gift bags.

## COUNT I – COPYRIGHT INFRINGEMENT

35. Hallmark repeats and incorporates the allegations set forth in the preceding paragraphs.

36. Hallmark is the owner and holder of all right, title and interest to the copyright associated with its "Medium Bag/Peek-a-Boo Balloons" gift bag design pursuant to 17 U.S.C. § 101 and all amendments thereto. This design is copyrightable subject matter under the Laws of the United States. Hallmark has been and continues to hold all right, title and interest in the exclusive rights to reproduce, distribute, sell and otherwise exploit its "Medium Bag/Peek-a-Boo Balloons" copyrighted gift bag throughout the United States.

37. On information and belief, Dollar General has infringed Hallmark's copyright by manufacturing, reproducing, distributing, selling and/or importing a knock-off "Medium Bag/Peek-a-Boo Balloons" gift bag, which was copied from Hallmark's design.

38. The manufacturing, reproduction, distribution, selling, and/or importing of Dollar General's knock-off "Medium Bag/Peek-a-Boo-Balloons" gift bags constitute unauthorized violations of Hallmark's exclusive rights in its Copyrighted Gift Bags and, thus, an infringement of Hallmark's copyrights.

39. Hallmark is without sufficient remedy at law to address Dollar General's acts of infringement. Hallmark has and will continue to suffer irreparable harm unless Dollar General is preliminarily and permanently enjoined from further acts of infringement. On information and belief, Dollar General has obtained profits, gains and advantages as a result of its infringing acts. Hallmark is presently unable to ascertain the full extent of profits, gains and advantages Dollar General has obtained by reason of its acts of infringement.

## COUNT II – COPYRIGHT INFRINGEMENT

40. Hallmark repeats and incorporates the allegations set forth in the preceding paragraphs.

41. Hallmark is the owner and holder of all right, title and interest to the copyright associated with its "Bag Beach Stripe Medium" gift bag design pursuant to 17 U.S.C. § 101 and all amendments thereto. This design is copyrightable subject matter under the Laws of the United States. Hallmark has been and continues to hold all right, title and interest in the exclusive rights to reproduce, distribute, sell and otherwise exploit its "Bag Beach Stripe Medium" copyrighted gift bag throughout the United States.

42. On information and belief, Dollar General has infringed Hallmark's copyright by manufacturing, reproducing, distributing, selling and/or importing a knock-off "Bag Beach Stripe Medium" gift bag, which was copied from Hallmark's design.

43. The manufacturing, reproduction, distribution, selling, and/or importing of Dollar General's knock-off "Bag Beach Stripe Medium" gift bags constitute unauthorized violations of Hallmark's exclusive rights in its Copyrighted Gift Bags and, thus, an infringement of Hallmark's copyrights.

44. Hallmark is without sufficient remedy at law to address Dollar General's acts of infringement. Hallmark has and will continue to suffer irreparable harm unless Dollar General is

preliminarily and permanently enjoined from further acts of infringement. On information and belief. Dollar General has obtained profits, gains and advantages as a result of its infringing acts. Hallmark is presently unable to ascertain the full extent of profits, gains and advantages Dollar General has obtained by reason of its acts of infringement.

## COUNT III – COPYRIGHT INFRINGEMENT

45. Hallmark repeats and incorporates the allegations set forth in the preceding paragraphs.

46. Hallmark is the owner and holder of all right, title and interest to the copyright associated with its "Multicolor Flowers" gift bag design pursuant to 17 U.S.C. § 101 and all amendments thereto. This design is copyrightable subject matter under the Laws of the United States. Hallmark has been and continues to hold all right, title and interest in the exclusive rights to reproduce, distribute, sell and otherwise exploit its "Multicolor Flowers" copyrighted gift bag throughout the United States.

47. On information and belief, Dollar General has infringed Hallmark's copyright by manufacturing, reproducing, distributing, selling and/or importing a knock-off "Multicolor Flowers" gift bag, which was copied from Hallmark's design.

48. The manufacturing, reproduction, distribution, selling, and/or importing of Dollar General's knock-off "Multicolor Flowers" gift bags constitute unauthorized violations of Hallmark's exclusive rights in its Copyrighted Gift Bags and, thus, an infringement of Hallmark's copyrights.

49. Hallmark is without sufficient remedy at law to address Dollar General's acts of infringement. Hallmark has and will continue to suffer irreparable harm unless Dollar General is preliminarily and permanently enjoined from further acts of infringement. On information and belief, Dollar General has obtained profits, gains and advantages as a result of its infringing acts.

Hallmark is presently unable to ascertain the full extent of profits, gains and advantages Dollar General has obtained by reason of its acts of infringement.

## COUNT IV – COPYRIGHT INFRINGEMENT

50. Hallmark repeats and incorporates the allegations set forth in the preceding paragraphs.

51. Hallmark is the owner and holder of all right, title and interest to the copyright associated with its "Blue Swirl with Green Border" gift bag design pursuant to 17 U.S.C. § 101 and all amendments thereto. This design is copyrightable subject matter under the Laws of the United States. Hallmark has been and continues to hold all right, title and interest in the exclusive rights to reproduce, distribute, sell and otherwise exploit its "Blue Swirl with Green Border" copyrighted gift bag throughout the United States.

52. On information and belief, Dollar General has infringed Hallmark's copyright by manufacturing, reproducing, distributing, selling and/or importing a knock-off "Blue Swirl with Green Border" gift bag, which was copied from Hallmark's design.

53. The manufacturing, reproduction, distribution, selling, and/or importing of Dollar General's knock-off "Blue Swirl with Green Border" gift bags constitute unauthorized violations of Hallmark's exclusive rights in its Copyrighted Gift Bags and, thus, an infringement of Hallmark's copyrights.

54. Hallmark is without sufficient remedy at law to address Dollar General's acts of infringement. Hallmark has and will continue to suffer irreparable harm unless Dollar General is preliminarily and permanently enjoined from further acts of infringement. On information and belief, Dollar General has obtained profits, gains and advantages as a result of its infringing acts. Hallmark is presently unable to ascertain the full extent of profits, gains and advantages Dollar General has obtained by reason of its acts of infringement.

## COUNT V – COPYRIGHT INFRINGEMENT

55. Hallmark repeats and incorporates the allegations set forth in the preceding paragraphs.

56. Hallmark is the owner and holder of all right, title and interest to the copyright associated with its "Mini Bright Flowers" gift bag design pursuant to 17 U.S.C. § 101 and all amendments thereto. This design is copyrightable subject matter under the Laws of the United States. Hallmark has been and continues to hold all right, title and interest in the exclusive rights to reproduce, distribute, sell and otherwise exploit its "Mini Bright Flowers" copyrighted gift bag throughout the United States.

57. On information and belief, Dollar General has infringed Hallmark's copyright by manufacturing, reproducing, distributing, selling and/or importing a knock-off "Mini Bright Flowers" gift bag, which was copied from Hallmark's design.

58. The manufacturing, reproduction, distribution, selling, and/or importing of Dollar General's knock-off "Mini Bright Flowers" gift bags constitute unauthorized violations of Hallmark's exclusive rights in its Copyrighted Gift Bags and, thus, an infringement of Hallmark's copyrights.

59. Hallmark is without sufficient remedy at law to address Dollar General's acts of infringement. Hallmark has and will continue to suffer irreparable harm unless Dollar General is preliminarily and permanently enjoined from further acts of infringement. On information and belief, Dollar General has obtained profits, gains and advantages as a result of its infringing acts. Hallmark is presently unable to ascertain the full extent of profits, gains and advantages Dollar General has obtained by reason of its acts of infringement.

1520431v5

## COUNT VI – COPYRIGHT INFRINGEMENT

60. Hallmark repeats and incorporates the allegations set forth in the preceding paragraphs.

61. Hallmark is the owner and holder of all right, title and interest to the copyright associated with its "Bag Birthday Cake Large" gift bag design pursuant to 17 U.S.C. § 101 and all amendments thereto. This design is copyrightable subject matter under the Laws of the United States. Hallmark has been and continues to hold all right, title and interest in the exclusive rights to reproduce, distribute, sell and otherwise exploit its "Bag Birthday Cake Large" copyrighted gift bag throughout the United States.

62. On information and belief, Dollar General has infringed Hallmark's copyright by manufacturing, reproducing, distributing, selling and/or importing a knock-off "Bag Birthday Cake Large" gift bag, which was copied from Hallmark's design.

63. The manufacturing, reproduction, distribution, selling, and/or importing of Dollar General's knock-off "Bag Birthday Cake Large" gift bags constitute unauthorized violations of Hallmark's exclusive rights in its Copyrighted Gift Bags and, thus, an infringement of Hallmark's copyrights.

64. Hallmark is without sufficient remedy at law to address Dollar General's acts of infringement. Hallmark has and will continue to suffer irreparable harm unless Dollar General is preliminarily and permanently enjoined from further acts of infringement. On information and belief, Dollar General has obtained profits, gains and advantages as a result of its infringing acts. Hallmark is presently unable to ascertain the full extent of profits, gains and advantages Dollar General has obtained by reason of its acts of infringement.

12
1520431v5   Case 4:04-cv-00957-SOW   Document 1   Filed 10/20/04   Page 12 of 19

## COUNT VII – COPYRIGHT INFRINGEMENT

65. Hallmark repeats and incorporates the allegations set forth in the preceding paragraphs.

66. Hallmark is the owner and holder of all right, title and interest to the copyright associated with its "Cosmic Flower/Peek-a-Boo" gift bag design pursuant to 17 U.S.C. § 101 and all amendments thereto. This design is copyrightable subject matter under the Laws of the United States. Hallmark has been and continues to hold all right, title and interest in the exclusive rights to reproduce, distribute, sell and otherwise exploit its "Cosmic Flower/Peek-a-Boo" copyrighted gift bag throughout the United States.

67. On information and belief, Dollar General has infringed Hallmark's copyright by manufacturing, reproducing, distributing, selling and/or importing a knock-off "Cosmic Flower/Peek-a-Boo" gift bag, which was copied from Hallmark's design.

68. The manufacturing, reproduction, distribution, selling, and/or importing of Dollar General's knock-off "Cosmic Flower/Peek-a-Boo" gift bags constitute unauthorized violations of Hallmark's exclusive rights in its Copyrighted Gift Bags and, thus, an infringement of Hallmark's copyrights.

69. Hallmark is without sufficient remedy at law to address Dollar General's acts of infringement. Hallmark has and will continue to suffer irreparable harm unless Dollar General is preliminarily and permanently enjoined from further acts of infringement. On information and belief, Dollar General has obtained profits, gains and advantages as a result of its infringing acts. Hallmark is presently unable to ascertain the full extent of profits, gains and advantages Dollar General has obtained by reason of its acts of infringement.

## COUNT VIII – COPYRIGHT INFRINGEMENT

70. Hallmark repeats and incorporates the allegations set forth in the preceding paragraphs.

71. Hallmark is the owner and holder of all right, title and interest to the copyright associated with its "Bag Flower Vase Large" gift bag design pursuant to 17 U.S.C. § 101 and all amendments thereto. This design is copyrightable subject matter under the Laws of the United States. Hallmark has been and continues to hold all right, title and interest in the exclusive rights to reproduce, distribute, sell and otherwise exploit its "Bag Flower Vase Large" copyrighted gift bag throughout the United States.

72. On information and belief, Dollar General has infringed Hallmark's copyright by manufacturing, reproducing, distributing, selling and/or importing a knock-off "Bag Flower Vase Large" gift bag, which was copied from Hallmark's design.

73. The manufacturing, reproduction, distribution, selling, and/or importing of Dollar General's knock-off "Bag Flower Vase Large" gift bags constitute unauthorized violations of Hallmark's exclusive rights in its Copyrighted Gift Bags and, thus, an infringement of Hallmark's copyrights.

74. Hallmark is without sufficient remedy at law to address Dollar General's acts of infringement. Hallmark has and will continue to suffer irreparable harm unless Dollar General is preliminarily and permanently enjoined from further acts of infringement. On information and belief, Dollar General has obtained profits, gains and advantages as a result of its infringing acts. Hallmark is presently unable to ascertain the full extent of profits, gains and advantages Dollar General has obtained by reason of its acts of infringement.

## COUNT IX – COPYRIGHT INFRINGEMENT

75. Hallmark repeats and incorporates the allegations set forth in the preceding paragraphs.

76. Hallmark is the owner and holder of all right, title and interest to the copyright associated with its "Bag Wish Big Medium Celebrate" gift bag design pursuant to 17 U.S.C. § 101 and all amendments thereto. This design is copyrightable subject matter under the Laws of the United States. Hallmark has been and continues to hold all right, title and interest in the exclusive rights to reproduce, distribute, sell and otherwise exploit its "Bag Wish Big Medium Celebrate" copyrighted gift bag throughout the United States.

77. On information and belief, Dollar General has infringed Hallmark's copyright by manufacturing, reproducing, distributing, selling and/or importing a knock-off "Bag Wish Big Medium Celebrate" gift bag, which was copied from Hallmark's design.

78. The manufacturing, reproduction, distribution, selling, and/or importing of Dollar General's knock-off "Bag Wish Big Medium Celebrate" (or "Circle Dots") gift bags constitute unauthorized violations of Hallmark's exclusive rights in its Copyrighted Gift Bags and, thus, an infringement of Hallmark's copyrights.

79. Hallmark is without sufficient remedy at law to address Dollar General's acts of infringement. Hallmark has and will continue to suffer irreparable harm unless Dollar General is preliminarily and permanently enjoined from further acts of infringement. On information and belief, Dollar General has obtained profits, gains and advantages as a result of its infringing acts. Hallmark is presently unable to ascertain the full extent of profits, gains and advantages Dollar General has obtained by reason of its acts of infringement.

**PRAYER FOR RELIEF**

WHEREFORE, Hallmark prays for this Court to:

1. Grant a preliminary injunction during the pendency of this action and thereafter a permanent injunction restraining and enjoining Dollar General and any and all principals, officers, agents, servants, employees, attorneys, representatives, successors and assigns of Dollar General, and all those in privity, concert or participation with Dollar General and all those who receive actual notice of this Order from:

>(i) directly or indirectly infringing Hallmark's asserted copyrights in any manner, including generally, but not limited to manufacturing, reproducing, distributing, selling, offering for sale and/or importing any merchandise which infringes Hallmark's asserted copyrights (as set forth in Paragraphs 16-24), and specifically;
>
>>a. using Hallmark's copyrighted material or any material substantially similar thereto, or any reproduction, counterfeit, copy, or colorable imitation of said copyrighted material in connection with the manufacture, reproduction, distribution, sale, offering for sale, importing, and/or other use of the merchandise pictured in the attachments to this Complaint;
>>
>>b. applying said copyrighted material or any such reproduction, counterfeit, copy, or colorable imitation to any label, sign, print, package, wrapper, receptacle, or advertisement used in connection with the manufacture, reproduction, distribution, sale, offering for sale, and/or importing of said products or services;

c. manufacturing, reproducing, distributing, selling, offering for sale, and/or importing said products and services or any other unauthorized products, which picture, reproduce, or utilize the likeness of or which copy or bear a substantial similarity to any of the Hallmark copyrighted material; or

d. manufacturing, reproducing, distributing, selling, offering for sale, and/or importing in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce or utilize the likenesses of, or which bear substantial similarity to, any of the Hallmark copyrighted material;

2. Find that Defendants have infringed Hallmark's copyrights associated with its Copyrighted Gift Bags in violation of federal law.

3. Issue an Order requiring Defendants and any and all principals, officers, agents, servants, employees, attorneys, successors, and assigns, and all those in active privity or concert with Defendants who receive actual notice of said order, to deliver to Hallmark for destruction all infringing merchandise in their possession or under their control which bears unauthorized simulations, copies or colorable imitations of Hallmark's copyrighted materials or trade dress.

4. Issue an Order requiring the recall of any infringing merchandise sold and requiring Defendants to issue written notices to all those previously offered the infringing merchandise and those to whom the infringing merchandise has been sold notifying them of the injunction.

5. Require Defendants to disseminate corrective advertising, at Defendants' expense and upon Hallmark's approval, that informs consumers, the trade and the public at large of

Defendants' unlawful conduct as complained of herein and of the judgment requiring Defendants to cease such unlawful conduct, and/or require Defendants to pay Hallmark's costs in producing and disseminating such corrective advertising.

6. Direct Defendants to file with this Court and serve on counsel for Hallmark, within thirty (30) days after entry of the Injunction, a written report under oath setting forth in detail the manner in which Defendants have complied with the foregoing paragraphs.

7. Award Hallmark monetary relief in an amount to be fixed by the Court in its discretion as just, including all actual damages sustained by Hallmark, Defendants' profits or gains of any kind resulting from their infringement.

8. Award to Hallmark its attorneys' fees, costs and expenses of litigation.

9. Order an accounting and render judgment against Defendants for all profits wrongfully derived by Defendants by reason of their copyright infringement.

10. Require Defendants to pay Hallmark prejudgment and post-judgment interest at the applicable rates on all amounts awarded.

11. Grant to Plaintiffs such other and further relief as the Court may deem just, proper and equitable under the circumstances.

12. Hallmark requests a hearing on its request for preliminary injunction at the Court's earliest possible convenience.

## JURY TRIAL DEMAND

Plaintiffs respectfully demand a trial by jury on all claims and issues so triable.

Dated: October 20, 2004	SHOOK, HARDY & BACON L.L.P.

By	/s/ B. Trent Webb
	B. Trent Webb, MO Bar No. 40778
	Adam P. Seitz, MO Bar No. 53929
	Bart A. Starr, MO Bar No. 52407
	2555 Grand Boulevard
	Kansas City, Missouri 64108-2613
	816-474-6550 Telephone
	816-421-5547 Facsimile

	ATTORNEYS FOR PLAINTIFFS